UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FIDENCIO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-105 |
| | § | |
| JENNIFER HERBST, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Jose Fidencio Garza, a Texas inmate appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously informed his complaint does not allege sufficient facts to allow the undersigned to evaluate his claim. Further, Plaintiff refused to attend or otherwise participate in the April 17, 2017 hearing in this case. (D.E. 11). Therefore, Plaintiff was ordered to submit a more definite statement of the facts involved in this action using a specific format on or before May 1, 2017. (D.E. 11). While Plaintiff filed a response to this Order on May 5, 2017, he did not file a more definite statement as directed. (D.E. 12).

Further, Plaintiff moves for the undersigned's recusal. This Motion is **DENIED**. Plaintiff's argument is without merit as Plaintiff has failed to demonstrate how the undersigned's "impartiality might reasonably be questioned" such that "a well-informed thoughtful and objective observer would question" his impartiality or that the

undersigned has a bias stemming from a personal or extrajudicial source. 28 U.S.C. § 455; *Sieber Calicutt v. Sphere Drake Ins. Co.*, 227 F.Supp.2d 623, 625-26 (E.D. Tex. 2002)(citations omitted).

Again, in order to allow the Court to properly evaluate the merits of this case, Plaintiff is hereby **ORDERED** to submit a more definite statement of the facts involved in this action by filing a written response to the questions posed below on or before **May 26, 2017**. **Plaintiff shall follow the format as directed. It is insufficient for Plaintiff to refer back to his complaint instead of answering each of the questions as ordered.**

## INSTRUCTIONS

Plaintiff is ORDERED to answer the following questions or directives for **each Defendant** he seeks to raise in this lawsuit:

**Defendant's name**: _____.

1. Explain what this defendant did to violate your rights.
2. Give the specific facts that support the claim.
3. When did this happen?
4. Where did this happen?
5. Explain how you were harmed or injured by this defendant or this defendant's actions.
6. Is this defendant sued in his individual capacity, official capacity or both?
7. What damages are you seeking from this defendant?

## CONCLUDING INSTRUCTIONS

Plaintiff is instructed to label his response **"Plaintiff's More Definite Statement"** and to include the correct Civil Action Number as shown above in the style of this case. Plaintiff is instructed to submit the responses to the questions by copying each question as posed by the Court and then writing the answer as neatly as possible underneath each question in numbered paragraphs corresponding to the question being answered. Plaintiff is directed to answer the questions to the best of his ability based on personal knowledge and the information available to him. He is further advised that legal research is not required.

## WARNING TO PLAINTIFF

*Plaintiff is again cautioned that the Court will not consider any claim against any defendant who is not listed in "Plaintiff's More Definite Statement."* Plaintiff is cautioned that his complaint is currently deficient for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). **Failure to comply with this Order may result in the dismissal of this action.**

Plaintiff is further cautioned again that prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144

F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff received his first strike in *Garza v. Currie,* Case No. 2:15-cv-155 (S.D. Tex. filed Apr. 2, 2015). Additionally, the undersigned recommended Plaintiff receive a second strike in *Garza v. McConnell,* Case No. 2:16-cv-255 (S.D. Tex. filed June 13, 2016). **Plaintiff is WARNED that if he accumulates a third strike, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. See § 1915(g).**

ORDERED this 11th day of May, 2017.

Jason B. Libby
United States Magistrate Judge