United States District Court
Southern District of Texas
**ENTERED**
June 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FIDENCIO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-105 |
| | § | |
| JENNIFER  HERBST, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Jose Fidencio Garza is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action on March 16, 2017 pursuant to 42 U.S.C. § 1983 complaining of retaliation, harassment and being unlawfully arrested by TDCJ correctional officers.  (D.E. 1).  This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

The undersigned recommends Plaintiff's complaint be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.   Further, it is recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff has had one prior case dismissed for failure to state a claim and/or as frivolous under §1915(g) .  *See Garza v. Currie,* Case No. 2:15-cv-155 (S.D. Tex. July 13, 2015)(order of dismissal).  Additionally, in a separate action, there is a pending recommendation to dismiss for the same reasons. *See Garza v. Currie,* Case No. 2:16-cv-225 (S.D. Tex. Jan. 31, 2017)(memorandum and recommendation to dismiss).  Plaintiff is **WARNED** that if he

## I.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A.  Procedural Background

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville, Texas.  He filed his original complaint on March 16, 2017 alleging that as an inmate at the McConnell Unit he has been harassed and retaliated against and that he was unlawfully arrested in connection with a disciplinary case. Plaintiff named the following McConnell Unit officials or employees as defendants:  (1) Lieutenant Jennifer Herbst, (2) Captain Pauley, and (3) Captain Saxton.  (D.E. 1, p. 3).

A *Spears*[2] hearing was scheduled for April 17, 2017 where Plaintiff was to appear by telephone.  However, TDCJ McConnell Unit law librarian Candace More appeared by telephone and reported Plaintiff would not leave his cell and that he refused to participate in the *Spears* hearing.  Therefore, the undersigned cancelled the *Spears* hearing and entered an order requiring Plaintiff to file a more definite statement.  (D.E. 11).  The Order for More Definite Statement explained to Plaintiff his claims are not clearly stated and the Court does not have sufficient facts to evaluate his claims.  Plaintiff was

---

accumulates three strikes he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* § 1915(g).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

cautioned that his complaint is currently deficient for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Plaintiff was also warned that the three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g).   Finally, Plaintiff was cautioned his case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he fails to comply with the court orders. (D.E. 11).

Despite these warnings, Plaintiff failed to comply with the Order for a More Definite Statement.   Rather, Plaintiff filed a response where he indicated all of the answers to the Court's questions could be found in his original complaint and he moved to recuse the undersigned.  (D.E. 12).  On May 11, 2017, the undersigned entered an order denying Plaintiff's motion to recuse and explaining to Plaintiff he had failed to comply with the Court's order to file a more definite statement.  (D.E. 13). Plaintiff was granted an extension and ordered to file his more definite statement on or before May 26, 2017.   Plaintiff again failed to file a more definite statement as ordered.   Despite Plaintiff's noncompliance, the undersigned will liberally construe his pleading as filed.   However, based on Plaintiff's willful failure to comply with Court orders, the undersigned recommends Plaintiff not be given further leave to amend or leave to untimely file a more definite statement.

### B.    Plaintiff's Claims

Plaintiff alleges that on February 10, 2017 he was on his way to the McConnell Unit inmate dining facility when Defendants Herbst, Pauley and Saxton arrested[3] Plaintiff without probable cause.  (D.E. 1, pp. 10-13).  Plaintiff alleges Captain Pauley falsely accused Plaintiff of having threatened an officer.  Plaintiff claims he was falsely arrested in retaliation for his having used the inmate grievance system to complain about Lieutenant Herbst in the past.  Plaintiff further alleges the defendants cursed at Plaintiff during this encounter. After the incident, Plaintiff was placed in prehearing detention, which the undersigned believes to be administrative segregation while Plaintiff awaited a disciplinary hearing.  (D.E. 1, p. 16).  Plaintiff appeared for a TDCJ disciplinary hearing on February 22, 2017 before Captain Ambriz.  (D.E. 1, p. 18).  Plaintiff does not state the result of the disciplinary hearing, however, it is presumed to have been decided against Plaintiff because Plaintiff complains the disciplinary hearing was unfair and conducted in violation of the 6th Amendment to the United States Constitution. (D.E. 1, p. 18).

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis*

---

[3] Plaintiff was placed in hand restraints and taken to administrative segregation pending a TDCJ disciplinary case. He was not formally arrested, booked or charged criminally by law enforcement personnel.

complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh Amendment Immunity

Plaintiff alleges brings this action against the officers in their official capacity only.  (D.E. 1, p. 18).[4]  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state…."   Const. Amend. XI. This withdrawal of jurisdiction effectively confers immunity from suit.  *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 144 (1993).  When a plaintiff files suit against state officials in their official capacities, the lawsuit is effectively one against the State.  *Hafer v. Melo,* 502 U.S. 21, 25 (1991). That is, a claim for monetary damages against a state official in his or her official

---

[4] *See* the first sentence of the first full paragraph on page 18 of Plaintiff's complaint.

capacity is "no different from a suit against the state itself," and consequently, is barred by the Eleventh Amendment.[5]  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  *See also McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011)("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself.").  The Fifth Circuit has repeatedly held that the Eleventh Amendment bars claims for money damages against TDCJ officers in their official capacities.  *See e.g., Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Plaintiff's  claims against Defendants in their official capacities for money damages are barred by the Eleventh Amendment.  *See Frew v. Hawkins,* 540 U.S. 431, 437 (2004).  Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities and the McConnell Unit be dismissed with prejudice as barred by the Eleventh Amendment.  The undersigned further recommends that to extent Plaintiff is suing for injunctive relief, those claims be dismissed for failure to state a claim and/or as frivolous because Plaintiff has not stated any violation of his rights as explained in more detail below.

### B.    Plaintiff's Retaliation Claim

Plaintiff claims the Defendants retaliated against him for filing grievances about various aspects of Plaintiff's confinement.  Retaliation is not expressly referred to in the

---

[5] The Eleventh Amendment does not bar a plaintiff's claim for prospective injunctive relief.  *Ex parte Young*, 209 U.S. 123, 159 (1908) (establishing exception to Eleventh Amendment immunity in cases where the alleged constitutional violation is caused by a state official's actions or refusal to act within the authority of his or her office).  However, to the extent Plaintiff sought injunctive relief against the McConnell Unit Defendants in this case, Plaintiff has failed to allege a non-frivolous claim for the reasons set forth below.

Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*. The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff's allegations of retaliation are purely conclusory.  Plaintiff has offered nothing other than his conclusory allegations.    Plaintiff complains he received false disciplinary cases for filing grievances, however, his disagreements with the TDCJ disciplinary process do not amount to retaliation.

### C.    Plaintiff's Challenge to the Disciplinary Hearing

Plaintiff's claim alleging he was unconstitutionally arrested for threatening an officer and further challenging the constitutionality of his disciplinary hearings are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).   The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87.  The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).   The *Heck* doctrine also operates to bar prisoners from challenging the punishment imposed by a disciplinary proceeding through a § 1983 action.   *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[Plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's

constitutional claims that were fundamentally intertwined with his request for restoration of good-time credits).

Finally, to the extent Plaintiff is attempting to raise a claim about deficiencies with the TDCJ grievance system, this allegation fails to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor).

Therefore the undersigned recommends that Plaintiff's claims involving alleged retaliation be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### D.    Noncompliance with Court Orders

Plaintiff voluntarily chose not to attend the *Spears* hearing on April 11, 2017.  He was thereafter ordered to file a more definite statement and subsequently granted an extension when he failed to comply.  (D.E. 11 & 13).  Plaintiff has failed to comply with the undersigned's written orders to file a more definite statement.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541 (5th Cir. 1978).

Despite Plaintiff's noncompliance with Court orders, the undersigned recommends Plaintiff's case be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) rather than pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Dismissal for failure to comply with court orders will not constitute a strike for purposes of the Prison Litigation Reform Act.  *See Brown v. Megg*, 857 F.3d 287 (5th Cir. 2017)(citations omitted) (noting a strike is issued only when the entire case is dismissed for enumerated grounds, that is for being frivolous, malicious, or failing to state a claim).  However, Plaintiff's unwillingness to comply with court orders is a sufficient reason not to allow Plaintiff further leave to amend and serves as an additional reason why a strike is appropriate in this case.

## V.    CONCLUSION

Plaintiff has failed to state cognizable constitutional claims against the named Defendants.  Therefore, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further recommended that this

dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 7th day of June, 2017.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).